**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT GARBER,<br><br>Plaintiff,<br><br>v.<br><br>GILDARDO VIZCARRA, an individual; ROBERT JARAMILLO, an individual; CITY OF LOS ANGELES GENERAL SERVICES DEPARTMENT, CITY OF LOS ANGELES,<br><br>Defendants. | ) | Case No. CV 09-05657 DDP (RNBx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND VACATING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS AS MOOT**<br><br>[Motions filed on July 25, 2011, and September 15, 2011] |

Plaintiff Robert Garber ("Plaintiff") asserts six claims for relief against Gilardo Vizcarra ("Vizcarra"), individually and in his capacity as a police officer for the City of Los Angeles; Robert Jaramillo ("Jaramillo"), individually and in his capacity as a police officer for the City of Los Angeles; the City of Los Angeles General Services Department; and the City of Los Angeles (collectively "Defendants") for violation of Plaintiff's Constitutional rights  Plaintiff brings his claims against the City of Los Angeles and the City of Los Angeles General Services

Department pursuant to Monell v. New York Department of Social Services, 436 U.S. 658 (1978).

Presently before the court is Defendants' Motion for Summary Judgment or in the Alternative Summary Adjudication of Claims. Having considered the parties' papers and the arguments therein, the court GRANTS Defendants' motion.

**I. Background**[1]

On August 4, 2008, at approximately 12:00pm, Plaintiff left his trailer coach and rode his bicycle to the Reseda Post Office. (Compl. ¶ 7.) Plaintiff's trailer was parked on White Oak Avenue alongside Jesse Owens Park. (Id.) Plaintiff left his dog locked inside trailer. (Id.)

On that same day, Officer Jaramillo and Officer Vizcarra were conducting a patrol of the Jesse Owens Park. (Jaramillo Decl. ¶ 2.) At some point not long after Plaintiff's departure, the two officers walked past Plaintiff's trailer. The officer had previously observed the trailer parked at this same location, and they approached the trailer to investigate whether it was either illegally being used for human occupation or was abandoned. (Id. ¶ 3.) When they reached the trailer, the officers heard Plaintiff's dog howling, and they stopped to investigate. (Id. ¶ 4; Compl. ¶ 18.) It was a hot August day, and the officers were concerned for the well-being of Plaintiff's dog. (Jaramillo Decl. ¶ 5.) The officers decided to conduct an animal cruelty investigation and called animal control. (Id.)

[1] The material facts are undisputed and are taken almost entirely from Plaintiff's complaint.

At approximately 12:45pm, Plaintiff returned to his trailer. (Compl. ¶ 9.) Plaintiff placed a bag inside of the trailer, shut the door, and then spoke with Officer Jamarillo and Officer Vizacarra. (Id. ¶¶ 10-12.) Vizacarra asked Plaintiff for his identification. (Id. ¶ 13.) Plaintiff searched in a pouch for his i.d. (Id.) While Plaintiff rummaged in his pouch — searching through documents and personal papers — Vizacarra became concerned that Plaintiff might have a concealed weapon. Vizacarra ordered Jaramillo to handcuff Plaintiff, and when Plaintiff complained, Vizacarra forced Plaintiff to his knees. (Id. ¶¶ 13-14.)

While Plaintiff was handcuffed, Vizacarra called Animal Control and explained that it was necessary to investigate a possible incident of animal cruelty. (Id. ¶¶ 20-21.) At approximately 1:45pm, Animal Control officer Julian (#062) of Animal Services arrived at the location. (Id. ¶ 24.) Julian inspected the trailer, checked to make sure that Plaintiff's dog had water to drink, and measured the air temperature inside the trailer. (Id.) The air temperature in the interior of the trailer was 87 degrees Fahrenheit, and Officer Julian concluded that the dog showed no sign of heat exhaustion. (Jamarillo Decl. ¶ 10.) Plaintiff was cited for failing to register his dog (Id.), and at approximately 2:20pm Plaintiff was released from the handcuffs. (Compl. ¶ 25.)

On September 24, 2008, Vizcarra and four other officers went to Jesse Owens Park and ticketed various individuals for illegally living inside their vehicles. (Compl. ¶ 30.) Plaintiff was not given a ticket. (Id.)

On November 30, 2008, Plaintiff's trailer was shot at while he was inside. (Compl. ¶ 31.) Plaintiff exited the trailer and says that he saw a dark color SUV. (Id.)

On February 16, 2009, Plaintiff's trailer was shot at again. (Compl. ¶ 34.) Plaintiff does not know who shot at the trailer, but a friend of his who was outside at the time saw an Office of Public Safety SUV at the same time as the shooting. (Id.)

Plaintiff has suffered from major depression since August 2005, and he states that he has suffered intense emotional and mental distress as a result of, among others, the August, November, and February incidents described above. In particular, Plaintiff now brings claims for violation of his civil rights, including unreasonable search and seizure; harassment; conspiracy to violate his civil rights; and personal injury. Defendants move this court for summary adjudication of Plaintiff's claims.

**II. Legal Standard**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). In deciding a motion for summary judgment, the evidence is viewed in the light most favorable to the non-moving party, and all justifiable inferences are to be drawn in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and material facts are those "that might affect the outcome of the suit under the governing law." Id. at 248. No genuine issue of fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not enough for a party opposing summary judgment to "rest on mere allegations or denials of his pleadings." Anderson, 477 U.S. at 259. Instead, the nonmoving party must go beyond the pleadings to designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 325. The "mere existence of a scintilla of evidence" in support of the nonmoving party's claim is insufficient to defeat summary judgment. Anderson, 477 U.S. at 252.

**III. Discussion**

A. Unreasonable Search and Seizure

Plaintiff claims that Vizcarra and Jaramillo arrested him without probable cause in violation of his Fourth and Fourteenth Amendment rights. (Compl. ¶¶ 47-52.) “[P]robable cause to justify an arrest means facts and circumstances within the officer’s knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.” Michigan v. DeFILLIPO, 443 U.S. 31, 37 (1979). “An investigative detention is justified when the facts and circumstances known

or apparent to the officers, including specific and articulable facts, cause him to suspect (1) a crime has occurred and (2)the person he intends to detain is involved in the criminal activity." In re Carlos M, 220 Cal. App. 3d 372, 381 (1990).

Here, Plaintiff admits to leaving his dog unattended for at least half an hour inside of a trailer parked on a public street at approximately noon in August. Plaintiff also does not dispute that the temperature was in the high 80s at that time and that the officers heard the animal howling from inside the trailer.

California Penal Code section 597(b) makes it a crime to "subject[] any animal to needless suffering," to "inflict[] unnecessary cruelty upon the animal, or to "in any manner abuse[] any animal or fail[] to provide the animal with proper food, drink, or shelter or protection from the weather . . . ." In the present matter, it is undisputed that the temperature at the time of the incident was almost 90 degrees Fahrenheit. It is well known that animals located in confined spaces on hot days may become injured or die as a result of the elevated temperature.

Given the high temperatures and the enclosed trailer and the fact that the dog was howling, the officers acted reasonably in suspecting that a violation of section 597 had occurred. It is important for the Plaintiff to understand that the officers are not required to be perfect in their decisions; the law requires only that they act reasonably under the circumstances known to them at the time. The court

understands that the Plaintiff has great affection for his dog, and the court does not mean to imply that the Plaintiff would subject his dog to circumstances that would harm the dog. However, police officers often must err on the side of an investigation when they are concerned that an animal may be subjected to an unhealthy situation.

The same logic applies to the Plaintiff's search. Again, the officers have every right to err on the side of their own personal safety when they see an individual going through a pouch. Officers are trained to know that an individual can produce a weapon from a bag much more quickly than an officer can typically draw and fire their own weapon. Therefore, when the officers are reasonably concerned about their safety, they have every right to detain an individual until their safety can be assured. Therefore it was not unreasonable to search or seize the Plaintiff.

Because the court concludes that the officers had probable cause to detain Plaintiff, the court does not proceed to consider the officer's claims of qualified immunity.

B. Monell liability

Because Plaintiff has not established that an employee of the City of Los Angeles has violated his constitutional rights, Plaintiff cannot establish, as he alleges, that a custom or policy of the City or the Department of General Services caused a deprivation of his constitutional rights. Defendants are, therefore, entitled to summary judgment in their favor on Plaintiff's Monell claim.

///

C. Conspiracy & Harassment

To establish a claim for conspiracy under § 1983, "a plaintiff must satisfy the following elements: (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights; and (2) an actual deprivation of those rights resulting from that agreement." Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010).

The court understands Plaintiff's harassment claim to be, in essence, a claim that the municipality and its agents violated his substantive due process rights. To sustain a claim of violation of substantive due process, a plaintiff may show that government action (1) interfered with rights implicit in the concept of ordered liberty; (2) would shock the conscious; (3) was arbitrary in the constitutional sense. See County of Sacramento v. Lewis, 523 U.S. 833, 846-847 (1998).

Here, in support of his conspiracy claim, Plaintiff offers nothing more than his own speculation that the officers and the Office of Public Safety fired shots at his trailer. In support of his harassment claim, Plaintiff similarly relies on the two instances when Plaintiff claims that City employee's fired at his trailer. Evidence offered in opposition to a motion for summary judgment must be sufficiently probative to permit a reasonable trier of fact to find in favor of the opposing party. Anderson, 477 U.S. at 249. If the evidence is not significantly probative, summary judgment may be granted. Id.

In the present action, Plaintiff has presented no verifiable evidence tending to show the truth of his conspiracy accusations. Plaintiff’s only evidence in support of his conspiracy and harassment claims, aside from his detention in handcuffs for approximately an hour in early August, are his own statements. Plaintiff has not come forward with “sufficiently ‘specific’ facts from which to draw reasonable inferences about other material facts that are necessary elements of [his] claim[s].” Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Such mere speculation cannot support Plaintiff’s claim for conspiracy. And without more, Plaintiff’s August 4, 2008, detention cannot support a claim for harassment. Defendants are entitled to summary judgment in their favor on both claims.

D. Personal Injury

Plaintiff has not pleaded with particularity injuries in support of a personal injury claim related to the aforementioned causes of action.

**IV. Conclusion**

For the reasons stated above, Defendants’ Motion for Summary Judgement is GRANTED. Accordingly, Plaintiff’s Motion to Compel Discovery and for Sanctions is VACATED as moot.

IT IS SO ORDERED.

Dated: September 26, 2011

DEAN D. PREGERSON
United States District Judge